UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CIERA CONNER, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 5:21-cv-00562 |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE CARMEN E. HENDERSON |
| vs. | ) ) | |
| TRUBRIDGE, INC., | ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendant. | ) | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Lori M. Griffin, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On March 10, 2021, Representative Plaintiff Ciera Conner filed this Action as a result of Defendant's failure to pay Plaintiff and other similarly situated employees for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2. Specifically, Plaintiff alleged that Defendant violated the FLSA by requiring Plaintiff and other similarly situated employees to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems.

3. On June 9, 2021, the Parties filed a Joint Stipulation to Conditional Certification and Notice for the following class of individuals:

    All current and former hourly call center sales agents employed by TruBridge, Inc. at any time between March 10, 2018 and June 30, 2020.

4. On June 11, 2021, the Court approved Plaintiff's proposed Notice.

5. On July 9, 2021, the Notice was mailed out to 578 putative class members. The Notice Period closed on September 7, 2021. In addition to Representative Plaintiff, 120 individuals opted-in to the case.

6. On, November 3, 2021, Defendant produced the time and pay records for Plaintiffs.

7. On January 27, 2022, the Parties attended mediation before Magistrate Judge Jonathan D. Greenberg.

8. The Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1.

9. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

10. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on January 27, 2022 with the assistance of Magistrate Judge Jonathan D. Greenberg, on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties Joint Motion.

11. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Existing

Opt-In Party Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

12. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and the Opt-In Party Plaintiffs.

13. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

14. The Court approves the Class Representative Payment to Representative Plaintiff Ciera Conner in recognition of her service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

15. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

16. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement. All pending

deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this <u>7th</u> day of <u>March</u>, 2022

<u>s/*Carmen E. Henderson*                    </u>
MAGISTRATE JUDGE CARMEN E. HENDERSON